# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN GARRETT MCGARVIE, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>COMMISIONER OF SOCIAL )<br>SECURITY, )<br>   Defendant. ) | Civil Action No. 13-322 Erie<br><br>District Judge Motz<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

## II. REPORT

### A. Relevant Procedural History

On October 24, 2013, Plaintiff initiated this action by filing a *pro se* complaint seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Social Security disability benefits. On October 25, 2013, this Court granted Plaintiff's motion to proceed *in forma pauperis*. Thereafter, Plaintiff failed to file a praecipe for writ of summons to serve upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. As a result, this Court issued a Show Cause Order on February 28, 2014, requiring Plaintiff to file a praecipe for writ of summons on or before March 10, 2014, or face dismissal of this case for failure to prosecute. To date, Plaintiff has failed to comply with this Order.

1

### B. Discussion

#### 1. *Poulis* Analysis

Under Rule 41(b), a district court may dismiss an action *sua sponte* due to a plaintiff's failure to prosecute the case. See Lopez v. Cousins, 2011 WL 2489897, at *1 (3d Cir. June 23, 2011). In order for a court to determine whether dismissal of a case is appropriate, the Third Circuit has set out a six-factor balancing test which requires consideration of: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., 405 Fed.Appx 592, 595 (3d Cir. 2010), citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) and Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Applying the *Poulis* factors to the present matter, this Court recommends the dismissal of this matter.

During the pendency of any litigation, the parties are under a continuing obligation to comply with deadlines established by the Court. In a case filed *pro se*, this is solely the obligation of the Plaintiff, who bears full responsibility for any failure in the prosecution of his claims. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.). Alternative sanctions, such as monetary penalties, are inappropriate as sanctions against indigent

*pro se* parties, such as Plaintiff.  See Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002).

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

                                               /s/ Susan Paradise Baxter
                                               SUSAN PARADISE BAXTER
                                               United States Magistrate Judge

Date:     June 26, 2014

cc:     The Honorable J. Frederick Motz
       United States District Judge